**Electronically Filed
Intermediate Court of Appeals
30415
31-MAR-2014
08:31 AM**

NO. 30415

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

VIRGINIA M. PHILLIPS, Plantiff-Appellant, v.
ROBERT GODBOUT and JOCELYN GODBOUT, Defendants-Appellees, and
JOHN DOES 1-10; JANE DOES 1-10, DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; ROE NON-PROFIT CORPORATIONS; and
ROE GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0233)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant Virginia M. Phillips (Phillips)
appeals from the March 3, 2010 Judgment entered by the Circuit
Court of the First Circuit (Circuit Court)[1] in favor of
Defendants-Appellees Robert and Jocelyn Godbout (Godbouts).

On appeal, Phillips argues that the Circuit Court erred
by failing to enforce a settlement agreement and by granting
summary judgment to the Godbouts.

After a careful review of the issues raised and the
arguments made by the parties, the record, and the applicable
authority, we resolve Phillips's points on appeal as follows and
affirm.

1.    The Circuit Court did not err in refusing to
enforce an alleged settlement agreement discussed by Phillips's

---

[1]    The Honorable Rom A. Trader presided.

attorney and the Godbouts' insurance adjuster. Where the determination of whether a settlement agreement was reached is made by the circuit court without an evidentiary hearing, we review that decision as if it were a summary judgment ruling. Miller v. Manuel, 9 Haw. App. 56, 63-64, 828 P.2d 286, 291-92 (1991). "Thus, the question is whether the evidence presented to the trial court indicated that there was no genuine issue of material fact and that as a matter of law the parties had entered into a valid compromise agreement." Id. at 64, 828 P.2d 292.

Two days after the January 6, 2009 conversation between Phillips's lawyer and the Godbouts' adjuster, a series of emails and draft letters were exchanged between the parties' agents. Although it appears that the January 6, 2009 conversation did result in the participants' understanding that the Godbouts would pay $15,000 to Phillips, who in turn would dismiss this lawsuit, it also appears that the subsequent correspondence between the parties' agents included language and proposed amendments to the language regarding indemnification. Subsequently, in letters dated February 2, 2009, and February 9, 2009, both counsel adhered to their respective positions that a release and indemnity clause either had, or had not been a part of the settlement agreement. As this series of exchanges ended without consensus, there was evidence creating a genuine issue of material fact regarding whether an agreement as to the indemnity clause had been reached.

2. Phillips argues that Hawai'i Rules of Civil Procedure (HRCP) Rule 56(f)[2] precluded the granting of the Godbouts' Motion for Summary Judgment (MSJ). Phillips

---

[2] HRCP Rule 56. Summary Judgment, provides, in pertinent part,

> **(f) When affidavits are unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

essentially argues that because she relied on the Circuit Court's August 10, 2009 directive to continue working towards settlement she ceased discovery[3] in the interim between August 10, 2009 and October 6, 2009, when the settlement conference with the court was to resume. As a result, she argues she was unable to present facts to oppose the Godbouts' MSJ.

This court has held that:

> HRCP Rule 56(f) provides that the court may refuse to grant summary judgment if the party opposing the motion submits affidavits setting forth the reasons why he cannot present by affidavit facts essential to justify his opposition. If the stated reasons are deemed sufficient, the court may grant a continuance of the motion to permit affidavits to be obtained, depositions to be taken, or other discovery to be had.

Wilder v. Tanouye, 7 Haw. App. 247, 253, 753 P.2d 816, 820 (1988). This court has also held that HRCP Rule 56(f) should be liberally construed. Marshall v. Univ. of Hawaii, 9 Haw. App. 21, 29, 821 P.2d 937, 943 (1991), abrogated on other grounds by Hac v. Univ. of Hawai'i, 102 Hawai'i 92, 73 P.3d 46 (2003) (Lack of adequate time to conduct discovery seasonably raised despite lack of affidavit showing need for discovery.).

The Circuit Court ruled that Phillips's HRCP Rule 56(f) request failed because she had had ample time to conduct discovery and she did not demonstrate that a continuance would have enabled her to demonstrate an issue of material fact. See Wilder, 7 Haw. App. at 253, 753 P.2d at 821 (the request must demonstrate how postponement of a ruling on the motion will enable the requestor, by discovery or other means, to rebut the movant's showing that no genuine issue of material fact exists). The record supports the Circuit Court's ruling.

The Complaint was filed on February 4, 2008, eighteen months before the settlement conference upon which Phillips relies as the reason that she suspended discovery. Moreover, two additional months elapsed between the filing of the MSJ and the hearing on the motion. By contrast, the cases cited by Phillips

---

[3] Phillips does not claim that the Circuit Court directed the parties not to conduct discovery.

deal with very short durations of time between the filing of the Complaint and the summary judgment hearing. <u>Crutchfield v. Hart</u>, 2 Haw. App. 250, 251-52, 630 P.2d 124, 125 (1981) (motion filed less than three months after complaint); <u>Marshall</u>, 9 Haw. App. at 29, 821 P.2d at 939, <u>abrogated on other grounds by</u> <u>Hac v. Univ. of Hawaiʻi</u>, 102 Hawaiʻi 92, 73 P.3d 46 (2003) (motion filed forty-three days after the complaint).

   As to the need for additional time, the record reflects that multiple reports regarding the condition of the wall and the plants in question that had been prepared at the behest of both parties, both before and after the filing of the Complaint, were presented to the court as exhibits to the MSJ. In her memorandum in opposition to the MSJ, Phillips presented another report about the condition of the wall and the plants in question, prepared on November 2, 2009, in the interval between the filing and hearing of the MSJ. Phillips argues that because the November 2, 2009 arborist report stated that the roots growing through the wall had "enlarged and grown," she would have benefitted from additional discovery. However, as discussed <u>infra</u>, the observed growth did nothing to demonstrate causation of damages, and Phillips does not otherwise explain how additional time would have enabled her to make this showing.

   3. The Circuit Court did not err in granting the MSJ due to Phillips's failure to show a genuine issue of material fact. Phillips's February 2008 Complaint alleged cracks in her concrete hollow tile wall and anticipated damage to her house due to the roots from the Godbouts' plants, including areca palms, dwarf brassaia and Ficus tree planted in 2006 to 2007. "[P]rotruding roots constitute a nuisance only when they actually cause, or there is imminent danger of them causing, sensible harm to property other than plant life[.]" <u>Whitesell v. Houlton</u>, 2 Haw. App. 365, 367, 632 P.2d 1077, 1079 (1981). An appellate court reviews a trial court's grant of summary judgment <i>de novo</i>. <u>Oahu Transit Servs., Inc. v. Northfield Ins. Co.</u>, 107 Hawaiʻi 231, 234, 112 P.3d 717, 720 (2005).

Although a total of five expert reports were submitted--some prepared before the Complaint was filed and some prepared thereafter--none opined that the Godbouts' plants had already caused damage. Phillips cites to her own declaration to demonstrate that cracks in the wall were caused by the Godbouts' plants.[4] However, "[b]are allegations or factually unsupported conclusions are insufficient to raise a genuine issue of material fact, and therefore, insufficient to reverse a grant of summary judgment[,]" Hous. Fin. & Dev. Corp. v. Castle, 79 Hawai'i 64, 91, 898 P.2d 576, 603 (1995) (citation and internal quotation marks omitted), and even Phillips does not claim that the cracks appeared after the planting of the subject plants, only that she noticed them at that time. She does not assert that she could see or otherwise determine that these cracks were caused by the plant roots.

The record does contain evidence submitted by Phillips that areca palms, Ficus benjamina and dwarf brassaia were likely to cause damage to the wall in the future, in the five-to-ten-year time frame. However, evidence was submitted by both parties that, by the time the Circuit Court granted the MSJ, the Godbouts had removed the plants in question. While a November 2, 2009 report updating a December 10, 2007 inspection noted that the removed Brassaia's roots were still present and continuing to

---

[4] In relevant part, Phillips declared,

5. Declarant states she noticed these cracks in the wall after Defendant had planted the earlier plants such as the Areca Plants, Dwarf Brassaia and Ficus Tree . . . .

6. Declarant states that over time, Declarant observed roots from the type of plants as described above had protruded into her property through the cracks.

7. Declarant states that based on her observations over time, the cracks in the wall appeared to have gotten larger in size as the roots had grown larger and longer as well. . . .

grow, it did not note that damage had been caused to the wall by these roots.

Therefore, the March 3, 2010 Judgment entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 31, 2014.

On the briefs:

Gale L.F. Ching,
for Plaintiff-Appellant.

Randall Y.S. Chung
Milton S. Tani
Michael S. Hult
(Matsui Chung),
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge

6